# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| PHISH, INC.,  a Delaware corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>VARIOUS JOHN DOES, JANE DOES, AND ABC COMPANIES,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR FEDERAL TRADEMARK COUNTERFEITING; FEDERAL TRADEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN; WASHINGTON UNFAIR COMPETITION AND FALSE ADVERTISING**<br><br>**APPLICATION TO FILE UNDER SEAL PURSUANT TO 15 U.S.C. § 1116(d)(8) FILED CONCURRENTLY** |

Plaintiff, Phish, Inc. ("Plaintiff"), as and for its complaint, hereby alleges as follows:

## JURISDICTION AND VENUE

1.      The claims set forth herein arise under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., as well as the statutory law of this state. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, as the federal trademark claims herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims in this civil action.

SEYFARTH SHAW LLP<br>999 Third Avenue<br>Suite 4700<br>Seattle, Washington  98104-4041<br>(206) 946-4910

2.    This Court has personal jurisdiction over the Defendants, who, upon information and belief, are or will be found conducting business in this District, and are or will be performing the acts of infringement set forth in this Complaint in this District.

3.    Venue is proper in this District, which encompasses the Climate Pledge Arena in Seattle, Washington pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claims herein have occurred, and/or will occur, in this District.

## PARTIES

4.    Phish, Inc. is a Delaware corporation with its principal offices located at 431 Pine Street, Suite 1, Burlington, Vermont 05401.

5.    Defendants Various John Does, Jane Does and ABC Companies are unknown and unidentified individuals who are expected to sell Counterfeit/Bootleg Merchandise at Phish concerts during the 2023 Tour (as defined herein).

6.    The identities and residences of Defendants (including additional Defendants) are unknown at this time, and the Complaint will be amended to include the names and addresses of those defendants who permit themselves to be identified.

## FACTS

7.    Plaintiff is the owner of various intellectual property rights of the world famous musical group known as Phish ("Phish").

8.    Phish first formed in late 1983 at the University of Vermont, and after performing concerts throughout the early 1980s, released their first cassette album in 1988. During the 1990s, Phish gained substantial fame as an eclectic rock & roll band.

9.    Throughout the 1990s, Phish toured the world and recorded albums. From 1992 to 1999, seven of its albums made it to the Billboard 200 Charts, a music trade industry publication. In 1994, one of its songs, "Down with Disease," became the band's first video and received airplay on the nationwide cable television channel MTV.

COMPLAINT FOR FEDERAL TRADEMARK
COUNTERFEITING; TRADEMARK INFRINGEMENT,
COMPETITION AND FALSE ORIGIN - 2

10.     Phish's popularity grew during the latter half of the 1990s, as their ceaseless touring had helped make them one of the top concert draws in the nation. During a temporary hiatus from touring together in 2000-2002, each of Phish's band members released albums and made appearances in various venues, and the band made an appearance on the television show, "The Simpsons" before releasing a massive set of live albums (as well as a DVD) during 2002 and 2003.

11.     Between 2002 and 2004, Phish again toured across the country and released albums. Concerts throughout this time drew crowds in the thousands at each performance. Between 2000 and 2004, numerous records of Phish concerts made the Billboard 200 Chart.

12.     Phish ended its 2003 summer tour with a two-day festival in Limestone, Maine. As with prior Phish festivals, the band performed three sets each day, with on-site camping as well as numerous attractions and art installations created by teams of talented artists and performers. This popular festival had a turnout of approximately 70,000 fans. To cap off the 2004 tour, Phish performed a two-day festival in the rural town of Coventry, Vermont, the band's first ever home state festival and the first public outdoor Vermont appearance since 1995. This final performance had a turnout of approximately 50,000 fans.

13.     Between 2004 and 2009, many albums were released under the band's famous name, PHISH. Since the 1980s, Phish has sold close to eight million (8,000,000) albums and has released at least sixty seven (67) live CD sets and nine (9) live DVD sets. In addition, Phish has released audio downloads of every concert between 2002 and 2017 as well as live video webcasts of more than three hundred (300) concerts during those same years. Several albums, including live performances at Madison Square Garden and in Las Vegas, Nevada made the Top Internet Album charts during that time.

14.     Beginning in May of 2009, Phish embarked on another enormously successful series of annual nationwide concert tours. During the 2009 tour, Phish played 50 concerts in 27 venues, all of which were sold out. In 2010, Phish again conducted a nationwide tour, playing almost 50 concerts at 29 venues, all of which were sold out. Each year since — from 2011 through

COMPLAINT FOR FEDERAL TRADEMARK
COUNTERFEITING; TRADEMARK INFRINGEMENT,
COMPETITION AND FALSE ORIGIN - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1    the present (with the exception of a suspension of touring due to the pandemic) — Phish has toured

2    the country playing dozens of sold-out concerts for its legion of fans.  Since the resumption of

3    touring in 2021, Phish's extraordinary success has continued.

4        15.    The individual members of Phish currently include TREY ANASTASIO, MIKE

5    GORDON, JON FISHMAN, and PAGE MCCONNELL (the "Artists"), who have each achieved

6    great renown and reputation throughout the world as members of Phish.

7        16.    Plaintiff owns federal registrations for its trademarks in the name PHISH, including

8    PHISH FOOD, U.S. Registration Number 2173816 for clothing, namely, T-shirts, shirts, hats and

9    jackets in International Class ("IC") 25 and ice cream, frozen yogurt and sorbet in IC 30; PHISH,

10   U.S. Reg. No. 2096010 for providing a data base of information on a global computer network in

11   the fields of music and entertainment in IC 41; PHISH, U.S. Reg. No. 2029049 for musical audio

12   and video recordings in IC 9; PHISH, U.S. Reg. No. 2029048 for posters, decals, calendars, sheet

13   music, newsletters and books in the fields of music and entertainment in IC 16; PHISH, U.S. Reg.

14   No. 1917861 for bumper stickers in IC 16 and hats, T-Shirts, shirts and jackets in IC 25; PHISH,

15   U.S. Reg. No. 1782981 for entertainment in the nature of musical group in IC 41; and PHISH and

16   design, U.S. Reg. No. 1930480 for bumper stickers in IC 16; hats, T-shirts, shirts, and jackets in

17   IC 25; and cloth patches for clothing in IC 26 (collectively, the "PHISH Marks").  Copies of federal

18   registration certificates for the Phish Marks are attached hereto as **Exhibit A**.

19       17.    Phish Artist Trey Anastasio, along with members of another band, also owns a

20   federal registration for the trademark OYSTERHEAD, U.S. Reg. No. 2662635 for prerecorded

21   musical recordings in IC 9 and jackets, hats, shirts and T-shirts in IC 25.  Plaintiff is licensed to

22   sell merchandise containing the OYSTERHEAD mark.  A copy of the federal registration

23   certificate for the OYSTERHEAD mark is attached as **Exhibit B**.

24       18.    Anastasio also owns federal registrations for the trademark GAMEHENDGE, U.S.

25   Reg. No. 2048310 for clothing, namely, hats, T-shirts, shirts in IC 25; and GAMEHENDGE, U.S.

26   Reg. No. 2053513 for bumper stickers and decals in the fields of music and entertainment in IC

COMPLAINT FOR FEDERAL TRADEMARK
COUNTERFEITING; TRADEMARK INFRINGEMENT,
COMPETITION AND FALSE ORIGIN - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

16. Copies of the federal registration certificates for the GAMEHENDGE marks are attached as **Exhibit C**. Anastasio and Plaintiff have used the mark GAMEHENDGE since at least as early as 1988. Plaintiff is also licensed to manufacture and sell merchandise containing the GAMEHENDGE marks.

19. Plaintiff is also the owner of a charitable fund-raising entity known as the Waterwheel Foundation, Inc., through which it owns a federal registration for the trademark WATERWHEEL, U.S. Reg. No. 2247438 for charitable fund raising and distribution of funds to charities in IC 36. A copy of the federal registration certificate for the WATERWHEEL mark is attached as **Exhibit D**. Plaintiff has used the WATERWHEEL mark in commerce since at least as early as 1997 in connection with the band's charitable works.

20. Phish Artist McConnell owns an entity known as A. Dante, LLC, through which he owns the trademark VIDA BLUE for entertainment in the nature of live musical performances by a musical group. Plaintiff is also licensed to manufacture and sell merchandise containing the VIDA BLUE mark, and both McConnell and Plaintiff have used the mark in commerce since at least as early as 2001.

21. Plaintiff has used a majority of the PHISH Marks since at least as early as 1983, and has also used the trademarks OYSTERHEAD, GAMEHENDGE, WATERWHEEL and VIDA BLUE, as well as the service marks, trade names, logos and likenesses of the Artists (collectively, the "Plaintiff's Marks") substantially and continuously in interstate commerce, including through publishing and distributing of albums, recordings and other merchandise; through publicity and marketing over the internet and other media; and through printing and distribution of tickets to its concerts. Plaintiff has the right to sell any and all genuine merchandise bearing the Plaintiff's Marks ("Merchandise").

22. Plaintiff, through its agreements with the Artists, Waterwheel Foundation and A. Dante LLC, has the right to enforce the Plaintiff's Marks.

COMPLAINT FOR FEDERAL TRADEMARK
COUNTERFEITING; TRADEMARK INFRINGEMENT,
COMPETITION AND FALSE ORIGIN - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

23.     Due to Phish's enormous success and popularity, Plaintiff has regularly received financially lucrative offers to license Plaintiff's Marks for use on a variety of products, such as from the manufacturers of PHISH FOOD ice cream, Ben & Jerry's. However, Plaintiff is careful to limit such merchandising activities only to products of the highest quality and pursuant to arrangements by which it maintains complete control over the manner in which its name and likenesses are presented, in line with the high regard in which the Phish name is held in the popular music industry. Pursuant to its licensing arrangements, goods bearing the Plaintiff's Marks have been distributed widely throughout the United States; for example, over a million genuine T-shirts bearing Plaintiff's Marks have been sold or otherwise distributed since 1994.

24.     As a result of such sales and distribution, as well as Phish's enormously popular concert tours and recordings, the Plaintiff's Marks have developed and now possess a secondary and distinctive meaning to purchasers of its Merchandise.

25.     Phish has scheduled another concert tour for 2023 (the "2023 Tour") including April 14 and 15, 2023 with concerts at Climate Pledge Arena in Seattle, Washington. The 2023 Tour continues with concerts in many other venues across the country, and is expected to conclude with end of the year dates at Madison Square Garden, which are always sold out.

26.     The concerts of the 2023 Tour have been highly publicized and several of them are already sold out or close to selling out.  Phish will perform before hundreds of thousands of people during the 2023 Tour. In addition, Plaintiff will manufacture, distribute and sell, and has or will license third-party vendors to manufacture, distribute and sell, authentic Merchandise at all of its concerts during the 2023 Tour.

27.     Since the inception of Phish's popularity in the 1990s, Phish's concert tours have been plagued by individuals who sell unauthorized merchandise near, at and sometimes inside a concert venue. These individuals are commonly referred to as "Bootleggers" and their activities are known as "Bootlegging." The merchandise sold by Bootleggers bearing unauthorized copies

COMPLAINT FOR FEDERAL TRADEMARK
COUNTERFEITING; TRADEMARK INFRINGEMENT,
COMPETITION AND FALSE ORIGIN - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

of Plaintiff's Marks is referred to as "Bootleg Merchandise" or "Unauthorized Merchandise" (hereinafter "Bootleg Merchandise").

28.    Bootleggers are peddlers who, without permission or authorization, misappropriate the names, likenesses, logos, artwork and/or trademarks of performing artists and musical groups for use on merchandise to sell to the general public in order to cash in on such group's commercial value and reputation, all in violation of the rights of those individuals and companies which possess the exclusive right to engage in such commercial activity.

29.    In 1994, Plaintiff's merchandising predecessor, Giant Merchandising ("Giant"), first sought and obtained orders authorizing the seizure of Bootleg Merchandise sold during a Phish tour, resulting in the seizure of thousands of such illegal items. From 1995 through 2019, and 2021-2022, similar seizure orders have removed tens of thousands of pieces of illegal Bootleg Merchandise from around Phish concert venues.

30.    Defendants herein are Bootleggers who have and will manufacture, sell, offer for sale, hold for sale, advertise and/or distribute unauthorized, imitation and inferior Bootleg Merchandise containing the Plaintiff's Marks within the vicinity of the Climate Pledge Arena concerts and at all concerts during the 2023 Tour.

31.    Because they are generally nomadic individuals without permanent business premises, it is impossible to identify Bootleggers prior to a concert and the Bootleggers often flee the area of the concert once they have sold their Bootleg Merchandise. Thus, Phish has been unable to determine the identities of Defendants prior to filing this action.

32.    Based upon Plaintiff's experience in selling concert tour merchandise at similar concerts and performances throughout the country, it is virtually certain that before, during and after each Phish concert during the 2023 Tour, Bootleggers will attempt to distribute and sell Bootleg Merchandise.  Plaintiff's experience and belief proved to be correct in that Bootleg Merchandise was found to be sold at several Phish concerts during the most recent Tours.

COMPLAINT FOR FEDERAL TRADEMARK
COUNTERFEITING; TRADEMARK INFRINGEMENT,
COMPETITION AND FALSE ORIGIN - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

33.     This Bootleg Merchandise is of the same general nature and type as Plaintiff's Merchandise, and so related and similar to the genuine Plaintiff's Merchandise that Defendants' use is likely to cause confusion, to cause mistake and to deceive consumers into believing Bootleg Merchandise is associated with, sponsored by or endorsed by Plaintiff.

34.     Defendants' Bootleg Merchandise is inferior in quality, and its sale will be damaging to the reputation which Plaintiff has developed in connection with its sale of authentic Merchandise and to the goodwill Plaintiff has developed in Plaintiff's Marks.

35.     These unauthorized sales of Bootleg Merchandise are likely to create confusion and/or misunderstanding by its purchasers regarding its source and sponsorship.

36.     Upon information and belief, Defendants have been transacting and continue to transact business, and have been and continue to infringe Plaintiff's rights in the Plaintiff's Marks in this District and elsewhere in interstate commerce, and regularly have been and now do business and solicit business and derive substantial revenue from goods sold, used and consumed in interstate commerce including from Bootleg Merchandise sold in this District.

### FIRST CLAIM FOR RELIEF

### (FEDERAL TRADEMARK INFRINGEMENT UNDER (15 U.S.C. § 1114)

37.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

38.     The PHISH Marks, and the OYSTERHEAD, GAMEHENDGE and WATERWHEEL marks are highly distinctive and arbitrary, of great value throughout the United States, and have become universally associated in the public mind with the products and services of Phish and its Artists.

39.     The federal registrations for the PHISH Marks, OYSTERHEAD, GAMEHENDGE and WATERWHEEL are incontestable pursuant to 15 U.S.C. § 1065.

40.     Defendants have constructive notice of the PHISH Marks, OYSTERHEAD, GAMEHENDGE and WATERWHEEL pursuant to 15 U.S.C. § 1072.

COMPLAINT FOR FEDERAL TRADEMARK
COUNTERFEITING; TRADEMARK INFRINGEMENT,
COMPETITION AND FALSE ORIGIN - 8

41.    On information and belief, Defendants also have actual notice of Plaintiff's rights in the PHISH Marks, OYSTERHEAD, GAMEHENDGE, and WATERWHEEL.

42.    Without Plaintiff's authorization or consent, Defendants have manufactured, distributed, offered for sale, held for sale, advertised and/or sold the Bootleg Merchandise to the consuming public in commerce, and/or will manufacture, distribute, offer for sale, hold for sale, advertise and sell such merchandise during the 2023 Tour, including at the Climate Pledge Arena, in direct competition with Plaintiff's sale of its genuine Merchandise.

43.    Defendants' use of copies or simulations of the PHISH Marks, OYSTERHEAD, GAMEHENDGE and WATERWHEEL, is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Bootleg Merchandise, and is likely to deceive the public into believing that the Bootleg Merchandise being sold by Defendants originates from, is associated with or otherwise is authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

44.    On information and belief, Defendant's conduct has been or will be in malicious, fraudulent, deliberate, willful and intentional disregard of Plaintiffs rights, making this an "exceptional" case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117.

45.    Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation. Plaintiff cannot be adequately compensated for these injuries by damages alone, and Plaintiff has no adequate remedy at law for Defendants' infringement of its rights. Plaintiff is entitled to injunctive relief, as well as attorneys' fees and damages, which may be trebled.

## SECOND CLAIM FOR RELIEF

## (FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER (15 U.S.C. § 1125(a))

46.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

COMPLAINT FOR FEDERAL TRADEMARK
COUNTERFEITING; TRADEMARK INFRINGEMENT,
COMPETITION AND FALSE ORIGIN - 9

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

47.     Defendants have manufactured, distributed, offered for sale, held for sale, advertised, and sold and/or will manufacture, distribute, offer for sale, hold for sale, advertise and sell Bootleg Merchandise which bears unauthorized copies of Plaintiff's Marks at the Climate Pledge Arena concerts and at all concerts to be performed by Phish during the 2023 Tour, without Plaintiff's authorization, and as such, Defendants' use is likely to cause confusion to the general purchasing public.

48.     By misappropriating and using the Plaintiff's Marks, Defendants misrepresent and falsely describe to the general public the origin and source of the Bootleg Merchandise and create a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such merchandise.

49.     Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of Bootleg Merchandise creates express and implied representations that the Bootleg Merchandise was created, authorized or approved by Plaintiff, all to Defendants' profit and Plaintiffs great damage and injury.

50.     Defendants acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiff's Marks, in connection with Defendants' goods and services sold in interstate commerce constitutes a false designation of origin and unfair competition.

51.     On information and belief, Defendants' conduct has been or will be in malicious, fraudulent, deliberate, willful and intentional disregard of Plaintiffs rights, making this an "exceptional" case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117.

52.     Plaintiff has no adequate remedy at law, and. if not enjoined, Defendants' activities will cause immediate and irreparable injury to Plaintiff. Plaintiff cannot be adequately compensated for these injuries by damages alone, and Plaintiff has no adequate remedy at law for Defendants' infringement of its rights. Plaintiff is entitled to injunctive relief, as well as attorneys' fees and damages, which may be trebled.

COMPLAINT FOR FEDERAL TRADEMARK
COUNTERFEITING; TRADEMARK INFRINGEMENT,
COMPETITION AND FALSE ORIGIN - 10

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

1
2

**THIRD CLAIM FOR RELIEF**

**(FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c))**

3      53.   Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

4      54.   The Plaintiff's Marks are "famous marks" within the meaning of § 43(c) of the

5   Lanham Act, 15 U.S.C. § 1125(c)(1) and have been famous marks prior to Defendants' conduct

6   as alleged herein.

7      55.   Defendants' manufacture, distribution, sale, advertisement, holding and/or offer for

8   sale in commerce of Bootleg Merchandise dilutes the distinctive quality of the Plaintiff's Marks,

9   and was or will be done with the willful intent to trade on Plaintiff's reputation and/or to cause

10  dilution of the Plaintiff's Marks.

11     56.   Defendants' acts constitute knowing and willful violation of Plaintiff's rights under

12  section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

13     57.   Plaintiff has no adequate remedy at law and, if Defendants' activities are not

14  enjoined, will continue to suffer irreparable harm and injury to Plaintiff's goodwill and reputation.

15  Plaintiff cannot be adequately compensated for these injuries by damages alone, and Plaintiff has

16  no adequate remedy at law for Defendants' infringement of its rights. Plaintiff is entitled to

17  injunctive relief, as well as attorneys' fees and damages, which may be trebled.

18

**FOURTH CLAIM FOR RELIEF**

19

**(UNFAIR COMPETITION IN VIOLATION OF RCW 19.86.020)**

20     58.   Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

21     59.   In committing the acts complained of herein, including the manufacture,

22  distribution, sale, advertisement, holding and/or offer for sale in commerce of Bootleg

23  Merchandise, Defendants have engaged in unfair competition and deceptive acts and practices

24  designed to mislead consumers and the public at large as to affiliation, connection, or association

25  with or certification by Phish.

26

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

60.     Defendants' deceptive acts and practices constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce causing actual and irreparable injury to Phish, in violation of § RCW 19.86.020.

61.     Unless restrained and enjoined by this Court, Defendants will persist in their unfair competition and deceptive practices, thereby causing Phish further irreparable harm and for which Phish has no adequate remedy at law.

62.     Phish is entitled to civil and equitable relief pursuant to RCW 19.86.090 and as otherwise permitted under applicable Washington law for Defendants' unfair competition and deceptive actions.

## FIFTH CLAIM FOR RELIEF

## (FALSE ADVERTISING IN VIOLATION OF RCW 9.04.050)

63.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

64.     Bootleg Merchandise advertised and sold by Defendants is of the same general nature and type as genuine Phish merchandise sold and/or authorized to be sold by Phish.  Bootleg Merchandise is so related to and indistinguishable from genuine merchandise sold on the 2023 Tour such that Defendants' use is likely to, and is certainly intended to, cause confusion to the general purchasing public.

65.     Defendants' manufacture, distribution, sale, advertisement, holding and/or offer for sale in commerce of Bootleg Merchandise knowing that the Bootleg Merchandise is not genuine, constitutes  false, deceptive or misleading advertising, with knowledge of the facts which render the advertising false, deceptive or misleading, for any business, trade or commercial purpose or for the purpose of inducing, or which is likely to induce, directly or indirectly, the public to purchase the Bootleg Merchandise constitutes false advertising under RCW 9.04.050.

66.     On information and belief, Defendants have enjoyed or will enjoy substantial profits attributable to their unfair competition, profits that should be disgorged to Phish.

COMPLAINT FOR FEDERAL TRADEMARK
COUNTERFEITING; TRADEMARK INFRINGEMENT,
COMPETITION AND FALSE ORIGIN - 12

67.    Unless restrained and enjoined by this Court, Defendants will persist in their acts of unfair competition, thereby causing Phish further irreparable harm.

68.    Defendants' acts of false advertising unfair competition have caused and continue to cause irreparable harm to Phish, for which Phish has no adequate remedy at law.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Phish prays for relief as follows:

1.    That this Court issue a preliminary and permanent injunction prohibiting the Defendants, their agents, servants, employees, officers, attorneys, successors and assigns and all persons acting on the Defendants' behalf from:

  a)    manufacturing, distributing, offering for sale, holding for sale, advertising, or selling any clothing, jewelry, photographs, posters, recordings, and other merchandise bearing unauthorized copies of the Plaintiff's Marks, or any colorable imitation thereof ("Bootleg Merchandise");

  b)    representing that any article of Bootleg Merchandise manufactured, distributed, sold, held for sale or advertised by the Defendants is sponsored or authorized by the Plaintiff, Phish or the Artists; and

  c)    otherwise using the Plaintiff's Marks in any manner likely to cause confusion as to the source, origin, sponsorship or affiliation of any products manufactured, distributed, held for sale, offered for sale or sold by Defendants;

2.    That this Court issue an order permitting seizure of the Bootleg Merchandise as set forth in the motion and proposed order submitted herewith;

3.    That Plaintiff be afforded such other relief to which it is entitled pursuing to 15 U.S.C. § 1116;

4.    That Plaintiff recover damages arising out of Defendants' infringement and unfair competition, and that such award be trebled pursuant to 15 U.S.C. § 1117 and RCW 19.86.090;

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

5.      That Defendants be ordered to conduct a full accounting, including but not limited to an accounting of all revenue and profits derived from Defendants' manufacture, distribution, offer for sale or sale of Bootleg Merchandise and that Plaintiff be awarded Defendants' profits as a consequence of the acts of infringement and that such award be trebled pursuant to 15 U.S.C. § 1117;

6.      That Plaintiff be awarded its reasonable attorneys' fees and expenses pursuant to 15 U.S.C. § 1117 and RCW 19.86.090;

7.      That Defendants be ordered to deliver up for destruction all Bootleg Merchandise and the means of reproducing same following final judgment in this action pursuant to 15 U.S.C. § 1118;

8.      That the Court grant such other relief to which the Plaintiff may be entitled, or as the Court deems to be reasonable, necessary and just.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

COMPLAINT FOR FEDERAL TRADEMARK
COUNTERFEITING; TRADEMARK INFRINGEMENT,
COMPETITION AND FALSE ORIGIN - 14

1    DATED:  April 7, 2023                    Respectfully submitted,

2                                             SEYFARTH SHAW LLP

3

4                                             s/ Andrew R. Escobar
                                              Andrew R. Escobar, WSBA No. 42793
5                                             999 Third Avenue, Suite 4700
                                              Seattle, WA 98104-4041
6                                             Telephone: (206) 946-4910
                                              Email: aescobar@seyfarth.com
7

8                                             SEYFARTH SHAW LLP

9

10                                            s/ Meryl A. Hulteng
                                              Meryl A. Hulteng, WSBA No. 58806
11                                            999 Third Avenue, Suite 4700
                                              Seattle, WA 98104-4041
12                                            Telephone: (206) 946-4910
                                              Email: mhulteng@seyfarth.com
13

14                                            Bart A. Lazar (*pro hac vice* pending)
15                                            233 S. Wacker Drive, Suite 8000
                                              Chicago, IL 60606
16                                            Telephone:  (312) 460-5986
                                              Email: blazar@seyfarth.com
17

18                                            *Attorneys for Plaintiff Phish, Inc.*

19

20

21

22

23

24

25

26

COMPLAINT FOR FEDERAL TRADEMARK
COUNTERFEITING; TRADEMARK INFRINGEMENT,
COMPETITION AND FALSE ORIGIN - 15

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

# EXHIBIT A

**Int. Cls.: 25 and 30**

**Prior U.S. Cls.: 22, 39, and 46**

**Reg. No. 2,173,816**

## United States Patent and Trademark Office   Registered July 14, 1998

### TRADEMARK
### PRINCIPAL REGISTER

## PHISH FOOD

PHISH, INC. (DELAWARE CORPORATION)
431 PINE STREET, SUITE 1
BURLINGTON, VT 05401 PHISH, INC. (DELA-
    WARE CORPORATION)

431 PINE STREET, SUITE 1
BURLINGTON, VT 05401

FOR: CLOTHING, NAMELY, T-SHIRTS,
SHIRTS, HATS AND JACKETS , IN CLASS 25
(U.S. CLS. 22 AND 39).

FIRST USE 3–18–1997; IN COMMERCE
3–18–1997.
FOR: ICE CREAM, FROZEN YOGURT AND
SORBET, IN CLASS 30 (U.S. CL. 46).
FIRST USE 3–18–1997; IN COMMERCE
3–18–1997.

SN 75–203,833, FILED 11–25–1996.

RUDY R. SINGLETON, EXAMINING ATTOR-
NEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

**United States Patent and Trademark Office**

Reg. No. 2,096,010
Registered Sep. 9, 1997

## SERVICE MARK
## PRINCIPAL REGISTER

## PHISH

PHISH, INC. (DELAWARE CORPORATION)
C/O DIONYSIAN PRODUCTIONS
431 PINE ST. - SUITE 1
BURLINGTON, UT 05401

FOR: PROVIDING A DATA BASE OF IN-
FORMATION AND INTERACTIVE DISCUS-
SION GROUPS ON A GLOBAL COMPUTER
NETWORK IN THE FIELDS OF MUSIC AND

ENTERTAINMENT , IN CLASS 41 (U.S. CLS.
100, 101 AND 107).

FIRST USE 7-31-1996; IN COMMERCE
7-31-1996.

SN 75-076,161, FILED 3-21-1996.

MARY ROSSMAN, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 2,029,049
Registered Jan. 7, 1997

## TRADEMARK
### PRINCIPAL REGISTER

## PHISH

PHISH, INC. (DELAWARE CORPORATION)
C/O DIONYSIAN PRODUCTIONS
431 PINE ST. - SUITE 1
BURLINGTON, VT 05401

FOR: MUSICAL AUDIO AND VIDEO RE-
CORDINGS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 10-0-1984; IN COMMERCE
0-0-1987.

SER. NO. 75-086,498, FILED 4-10-1996.

MARY ROSSMAN, EXAMINING ATTORNEY

EXHIBIT A - 19

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 2,029,048

Registered Jan. 7, 1997

## TRADEMARK
## PRINCIPAL REGISTER

## PHISH

PHISH, INC. (DELAWARE CORPORATION)
C/O DIONYSIAN PRODUCTIONS
431 PINE ST. SUITE 1
BURLINGTON, VT 05401

FOR: POSTERS, DECALS, CALENDARS, SHEET MUSIC, NEWSLETTERS AND BOOKS IN THE FIELDS OF MUSIC AND ENTERTAIN-

MENT, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 10-0-1984; IN COMMERCE 1-2-1986.

SER. NO. 75-085,659, FILED 4-9-1996.

MARY ROSSMAN, EXAMINING ATTORNEY

EXHIBIT A - 20

Int. Cls.: **16, 25 and 26**

Prior U.S. Cls.: **37, 38, 39, 40, 42 and 50**

## United States Patent and Trademark Office

**Reg. No. 1,917,861**
Registered Sep. 12, 1995

## TRADEMARK
### PRINCIPAL REGISTER

## PHISH

PHISH, INC. (DELAWARE CORPORATION)
C/O JOHN PALUSKA
DIONYSIAN PRODUCTIONS1632 MASSACHU-
  SETTS AVENUE
LEXINGTON, MA 02173

   FOR: BUMPER STICKERS, IN CLASS 16 (U.S.
CL. 38).
   FIRST USE 3-0-1984; IN COMMERCE
3-0-1984.
   FOR: HATS, T-SHIRTS, SHIRTS, AND JACK-
ETS, IN CLASS 25 (U.S. CL. 39).
   FIRST USE 3-0-1984; IN COMMERCE
3-0-1984.

   FOR: CLOTH PATCHES FOR CLOTHING, IN
CLASS 26 (U.S. CLS. 37, 39, 40, 42 AND 50).
   FIRST USE 3-0-1984; IN COMMERCE
3-0-1984.
   OWNER OF U.S. REG. NO. 1,782,981.
   THE MARK CONSISTS OF A FISH DESIGN
CONTAINING THE TERM "PHISH" STYL-
IZED.

   SER. NO. 74-414,580, FILED 7-16-1993.

CHERYL LYNN BLACK, EXAMINING ATTOR-
  NEY

**EXHIBIT A - 21**

Int. Cl.: 41

Prior U.S. Cl.: 107

**United States Patent and Trademark Office**    Reg. No. 1,782,981
Registered July 20, 1993

## SERVICE MARK
### PRINCIPAL REGISTER

## PHISH

PHISH, INC. (DELAWARE CORPORATION)
168 WEAVER STREET
WINOOSKI, VT 05404

FOR: ENTERTAINMENT IN THE NATURE OF A MUSICAL GROUP, IN CLASS 41 (U.S. CL. 107).

FIRST USE 11-1-1983; IN COMMERCE 10-1-1985.

SER. NO. 74-265,851, FILED 4-14 1992.

HOPE SLONIM, EXAMINING ATTORNEY

Int. Cls.: 16, 25 and 26

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, 39, 40, 42 and 50

Reg. No. 1,930,480

## United States Patent and Trademark Office
Registered Oct. 31, 1995

### TRADEMARK
### PRINCIPAL REGISTER



PHISH, INC. (DELAWARE CORPORATION)
C/O JOHN PALUSKA
DIONYSIAN PRODUCTIONS1632 MASSACHU-
SETTS AVENUE
LEXINGTON, MA 02173

FOR: BUMPER STICKERS, IN CLASS 16 (U.S.
CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).
FIRST USE 3–0–1984; IN COMMERCE
3–0–1984.
FOR: HATS, T-SHIRTS, SHIRTS, AND JACK-
ETS, IN CLASS 25 (U.S. CLS. 22 AND 39).
FIRST USE 3–0–1984; IN COMMERCE
3–0–1984.

FOR: CLOTH PATCHES FOR CLOTHING, IN
CLASS 26 (U.S. CLS. 37, 39, 40, 42 AND 50).
FIRST USE 3–0–1984; IN COMMERCE
3–0–1984.

OWNER OF U.S. REG. NO. 1,782,981.

THE MARK CONSISTS OF A FISH DESIGN
CONTAINING THE TERM "PHISH" STYL-
IZED.

SER. NO. 74–414,200, FILED 7–16–1993.

CHERYL LYNN BLACK, EXAMINING ATTOR-
NEY

# EXHIBIT B

Int. Cls.: 9, 25 and 41

Prior U.S. Cls.: 21, 22, 23, 26, 36, 38, 39, 100, 101 and
107

**United States Patent and Trademark Office**

Reg. No. 2,662,635
Registered Dec. 17, 2002

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

# OYSTERHEAD

OYSTERHEAD (CALIFORNIA GENERAL PART-
NERSHIP)
C/O MYMAN, ABELL, FINEMAN, GREENSPAN &
LIGHT, ATTN: ERIC R. GREENSPAN, ESQ.
11777 SAN VINCENTE BLVD., SUITE 880
LOS ANGELES, CA 90049

FOR: PRERECORDED MUSICAL RECORDINGS,
IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 10-2-2001; IN COMMERCE 10-2-2001.

FOR: JACKETS, HATS, SHIRTS AND T-SHIRTS,
IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 5-4-2000; IN COMMERCE 5-4-2000.

FOR: ENTERTAINMENT IN THE NATURE OF A
MUSICAL GROUP, IN CLASS 41 (U.S. CLS. 100, 101
AND 107).

FIRST USE 5-4-2000; IN COMMERCE 5-4-2000.

SER. NO. 76-337,974, FILED 11-15-2001.

LESLEY LAMOTHE, EXAMINING ATTORNEY

**EXHIBIT B - 24**

# EXHIBIT C

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,048,310

Registered Mar. 25, 1997

## TRADEMARK
### PRINCIPAL REGISTER

## GAMEHENDGE

ANASTASIO, TREY (UNITED STATES CITI-
    ZEN)
C/O DIONYSIAN PRODUCTIONS
1632 MASSACHUSETTS AVE.
LEXINGTON, MA 02173

    FOR: CLOTHING, NAMELY, HATS, T-
SHIRTS, SHIRTS, JACKETS, PANTS, SOCKS,

SHORTS AND PONCHOS, IN CLASS 25 (U.S.
CLS. 22 AND 39).
    FIRST USE 7–22–1996; IN COMMERCE
7–22–1996.

    SN 74–718,227, FILED 8–21–1995.

CARYN HINES, EXAMINING ATTORNEY

EXHIBIT C - 25

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, and 50

**United States Patent and Trademark Office**

Reg. No. 2,053,513

Registered Apr. 15, 1997

### TRADEMARK
### PRINCIPAL REGISTER

### GAMEHENDGE

ANASTASIO, TREY (UNITED STATES CITI-
ZEN)
C/O DIONYSIAN PRODUCTIONS
1652 MASSACHUSETTS AVE.
LEXINGTON, MA 02173

FOR: BUMPER STICKERS, POSTERS,
DECALS, CALENDARS, SHEET MUSIC, NEWS-
LETTERS AND BOOKS IN THE FIELDS OF
MUSIC AND ENTERTAINMENT, IN CLASS 16
(U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 7-22-1996; IN COMMERCE
7-22-1996.

SN 74-717,954, FILED 8-21-1995.

CARYN HINES, EXAMINING ATTORNEY

EXHIBIT C - 26

# EXHIBIT D

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,247,438

Registered May 25, 1999

### SERVICE MARK
### PRINCIPAL REGISTER

## WATERWHEEL

WATERWHEEL FOUNDATION, INC., THE (VERMONT CORPORATION)
431 PINE STREET, SUITE 1
BURLINGTON, VT 05401

FOR: CHARITABLE FUND RAISING AND DISTRIBUTION OF FUNDS TO CHARITIES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4–22–1997; IN COMMERCE 4–22–1997.

SER. NO. 75–410,790, FILED 12–24–1997.

CRAIG D. TAYLOR, EXAMINING ATTORNEY

EXHIBIT D - 27